**RCO Legal, P.S.**
13555 SE 36th St., Ste. 300
Bellevue, WA 98006
John McIntosh, WSBA# 43113
Phone: 425-247-2092
Fax: 425-623-1853
jmcintosh@rcolegal.com

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON

IN RE:

DEBORAH S NARINE

Debtor.

**CHAPTER 7 BANKRUPTCY**

**NO.: 16-10264-TWD**

**AMENDED MOTION FOR IN-REM RELIEF FROM STAY BY DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY MORTGAGE LOAN TRUST 2005-11AR, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-11AR**

### I.     Introduction

COMES NOW, Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Mortgage Loan Trust 2005-11AR, Mortgage Pass-Through Certificates, Series 2005-11AR its successors in interest, agents, assigns and assignors ("Creditor") and moves this court for an order terminating the automatic stay in-rem, allowing Creditor to proceed with and complete any and all contractual and statutory remedies incident to its security interests held in real property commonly described as 1507 Western Avenue #R403, Seattle, WA 98101 ("Property"), and legally described as set forth in the Deed of Trust attached as an Exhibit to the declaration on file with the court.  Creditor further seeks relief in order to, at its option, offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement and to contact the Debtor via telephone or written correspondence to offer such an agreement, which shall be non-recourse unless included in a

Amended Motion For In-Rem Relief From Stay
Page - 1

**RCO LEGAL, P.S.**
13555 SE 36th St., Suite 300
BELLEVUE, WA 98006
TELEPHONE (425) 458-2121 ◆ FACSIMILE (425) 458-2131

Case 16-10264-TWD    Doc 25    Filed 03/29/16    Ent. 03/29/16 16:06:07    Pg. 1 of 7

reaffirmation agreement. Creditor further moves that, absent objection, the provisions of F.R.B.P. 4001(a)(3) be waived to avoid further deterioration of Creditor's secured position.

## II.   Jurisdiction

This court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2)(G). This case relates to a case under Title 11 of the United States Code. This proceeding is defined as a "core proceeding" as that is defined in the Code.

## III.   Standing

Under 11 U.S.C. § 362, a party seeking relief from stay must be a "party in interest." To establish that Creditor is a "party in interest", a creditor must establish that it has at least a colorable claim to the property that is the subject of the motion. In the case at bar, Creditor's claim is based on the Note and Deed attached to the Declaration and on file with the court. Creditor's interest in the Note and Deed is described below.

The Deed acts as the security for the Borrowers' payment on the Note. The Deed is recorded with the county in which the property is situated as evidence of the debt described in the Note for the benefit of any subsequent parties that may take an interest in the property described.

The Note is a negotiable instrument as that term is defined by RCW § 62A.3-104. Under the terms of the Note, Borrowers are obligated to pay the instrument according to its terms at the time it was issued. Creditor is entitled to enforce the note under R.C.W. § 62A.3-301.

Under RCW § 62A.3-301(i), the holder of a negotiable instrument is entitled to enforce that instrument. The term "holder" includes the person in possession of a negotiable instrument that is payable to a bearer that is in possession. RCW § 62A.1-201. A note not indorsed to a particular payee is a note "Indorsed in Blank." A note Indorsed in Blank is payable to the bearer and may be transferred by possession alone. RCW § 62A.3-205. The transfer of a note secured by a deed of trust carries with it the security agreement as incident. See *Spencer v. Alki Point Transportation Company*, 53 Wash. 77, 101 P. 509 (Wash. 1909).

**RCO LEGAL, P.S.**
13555 SE 36th St., Suite 300
BELLEVUE, WA 98006
TELEPHONE (425) 458-2121 ◆ FACSIMILE (425) 458-2131

In the case at bar, the Note, together with the Declaration accompanying this motion, establish that Creditor is the holder of the Note indorsed in blank and is thus entitled to enforce the Note and foreclose on the deed of trust. Therefore, Creditor has standing to bring this motion.

### IV.    Parties in Interest

On or about September 20, 2005, Larry Sunde and Deborah S. Narine ("Borrower" collectively herein), executed a note in favor of Evergreen Moneysource Mortgage Company, a Washington Corporation with an original principal amount of $278,100.00.

The indebtedness under the note is secured by a deed of trust recorded against the Property.

Deborah S Narine ("Debtor" hereafter) filed for protection under Chapter 7 of Title 11 of the United States Code on January 21, 2016.

Foreclosure was pending at the time of the bankruptcy filing. The foreclosure sale was originally scheduled for January 22, 2016. The sale will be postponed in compliance with Washington state law pending resolution of the motion for relief from stay.

### V.    Default

Debtor is in default pursuant to the terms of the note for failure to make the required payments. Payments are credited as last received to first due. Creditor's loan status reflects payments now owing due on and after September 1, 2011. The following is a breakdown of the default:

| Date of Contractual Payments | Amount | Total |
|---|---|---|
| September 1, 2011 to August 1, 2012 | $2,153.88 | $25,846.56 |
| September 1, 2012 to December 1, 2013 | $2,176.60 | $34,825.60 |
| January 1, 2014 to June 1, 2015 | $2,200.15 | $39,602.70 |
| July 1, 2015 to September 1, 2015 | $2,230.85 | $6,692.55 |
| October 1, 2015 to March 1, 2016 | $2,068.62 | $12,411.72 |
| Taxes and Estimated Foreclosure Fees | | $40,222.29 |
| Late Charges | | $1,053.48 |

Amended Motion For In-Rem Relief From Stay
Page - 3

| | | |
|---|---|---|
| Property Inspection | | $95.00 |
| Less Funds in Suspense | | ($.00) |
| **Total Default** | | **$160,749.90** |

These figures are an estimate only and are subject to change as additional fees are incurred and payments are made or become due, including but not limited to the attorney fees and costs incurred as a result of the filing of this motion. Please contact Creditor's counsel directly for a reinstatement quote.

## VI.     Estimate of Obligation

The approximate amount owed under the terms of the note is $491,664.75 as of February 22, 2016. The following is an itemization of this approximate amount:

| | |
|---|---|
| Principal Balance | $350,208.92 |
| Accrued Interest | $78,436.70 |
| Taxes and Estimated Foreclosure Fees | $40,222.29 |
| Late Charges | $1,053.48 |
| Property Inspection | $95.00 |
| Pro Rata MIP/PMI | $92.70 |
| Escrow Advance | $21,555.56 |
| Less Suspense | ($.00) |
| **Total Due** | **$491,664.75** |

This total is an approximation of the lien. This estimate is provided only for the purposes of this motion and cannot be relied upon for any other purpose, including tender of payoff. An exact, itemized payoff figure will be obtained from Creditor upon written request to counsel for the Creditor.

Amended Motion For In-Rem Relief From Stay
Page - 4

**RCO LEGAL, P.S.**
13555 SE 36th St., Suite 300
BELLEVUE, WA 98006
TELEPHONE (425) 458-2121 ✦ FACSIMILE (425) 458-2131

Case 16-10264-TWD    Doc 25    Filed 03/29/16    Ent. 03/29/16 16:06:07    Pg. 4 of 7

## VII.    Value of the Property

Debtor's sworn schedules value the Property at $340,000.00.

## VIII.  Prior Filings and Scheduled Trustee's Sales

The Debtor and Larry Sunde have collectively filed six petitions, including the instant case, since August 2012.  Following is a list of the prior cases and their dispositions, as well as the scheduled Trustee Sale dates set in an effort to foreclose on the Deed secured by the Property:

| Case No. | Filed | Chapter | Trustee Sale Date | Result |
|----------|-------|---------|-------------------|--------|
| 12-18976-MLB | 8/30/2012 | 13 | 8/31/2012 | Dismissed 9/29/2012 |
| 12-21159-TWD | 11/2/2012 | 13 | 11/2/2012 | Dismissed 3/1/2013 |
| 13-20480-TWD | 12/2/2013 | 13 | N/A | Dismissed 2/20/2014 |
| 15-13742-TWD | 6/18/2015 | 13 | 6/19/2015 | Dismissed 7/17/2015 |
| 15-15076-TWD | 8/21/2015 | 7 | N/A | Dismissed 10/15/2015 |
| 16-10264-TWD | 1/21/2016 | 7 | 1/22/2016 | |

## IX.    Authority

**A.  Creditor is Entitled to In Rem Relief as its Efforts to Foreclose Have Been Frustrated by the Debtor's Serial Use of the Automatic Stay.**

Pursuant to 11 U.S.C. § 362(d)(4)(B), the Court may order *in rem* relief where the Court finds the filing of the petition to be part of a scheme to delay, hinder, and defraud creditors that involved . . . multiple bankruptcy filings affecting such real property.  An *in rem* relief order is appropriate in the relief from stay context where an ordinary relief from stay order would not be effective, as demonstrated by the prior history of the parties and the property.  See e.g., Great Western Bank v. Snow (In re Snow), 201 B.R. 968 (9th  Cir. 1996); In re Golden State Capital Corp., 317 B.R. 144 (E.D. Cal. 2004).

In this case, *in rem* relief is appropriate given the Debtor's serial bankruptcy filings.  As indicated in Section VIII of this Motion, each of the Debtor and Larry Sunde's six filings occurred prior to a scheduled trustee's sale to foreclose on the subject Deed.  This demonstrates an attempt to delay, hinder, and defraud Creditor in that the Debtor has repeatedly prevented Creditor from pursuing its collateral as its remedy for Debtor's default of the underlying

Amended Motion For In-Rem Relief From Stay
Page - 5

**RCO LEGAL, P.S.**
13555 SE 36th St., Suite 300
BELLEVUE, WA 98006
TELEPHONE (425) 458-2121 ◆ FACSIMILE (425) 458-2131

Case 16-10264-TWD    Doc 25    Filed 03/29/16    Ent. 03/29/16 16:06:07    Pg. 5 of 7

obligation. Moreover, each of the Debtor's prior filings were dismissed for failure to comply with procedural or technical requirements. The Debtor's history of prior filings demonstrates that the Debtor has abused the bankruptcy system in an effort to frustrate Creditor's efforts to foreclose its lien against the Property; therefore, *in rem* relief is appropriate in this case.

**B.** **Creditor is Entitled to Relief from the Automatic Stay under 11 U.S.C § 362(d)(2).**

Under 11 U.S.C § 362(d)(2), a Court shall terminate, annul, modify or condition the stay if the debtor has no equity in the Property and the Property is not necessary for an effective reorganization. In the case at bar, the value of encumbrances, including all liens and costs of liquidation, together with available exemptions, exceed the value of the property such that there is no equity available for the estate. Because the Debtor has chosen to liquidate under Chapter 7 of the Bankruptcy Code, the granting of an Order on Relief from Stay will not adversely affect the prospects of reorganization.

**C.** **Creditor is Entitled to Relief from the Automatic Stay under 11 U.S.C. § 362(d)(1).**

Pursuant to 11 U.S.C. § 362 (d)(1), on request of a party in interest, the Court shall terminate, annul, modify or condition the stay for cause. Under 11 U.S.C. § 362(d)(1), cause to terminate the automatic stay exists in Debtor's continued failure to make payments towards the obligation. In this case Debtor has failed to make the required payments as due under the terms of the Note; thus, there is cause to lift the stay.

### IV. Conclusion

Based on the foregoing, Creditor requests this Court enter an order terminating the automatic stay and co-debtor stay *in rem* pursuant to 11 U.S.C. § 362(d)(4), as well as under § 362(d)(1) and (2), which shall be binding in any other case under this title purporting to affect such real property filed not later than two years after the date of the entry of such order by the Court. Creditor further requests that any other rights after the foreclosure proceeding on the

Amended Motion For In-Rem Relief From Stay
Page - 6

**RCO LEGAL, P.S.**
13555 SE 36th St., Suite 300
BELLEVUE, WA 98006
TELEPHONE (425) 458-2121 ◆ FACSIMILE (425) 458-2131

Case 16-10264-TWD    Doc 25    Filed 03/29/16    Ent. 03/29/16 16:06:07    Pg. 6 of 7

subject property and the right and all actions necessary to obtain possession of the subject property be similarly not stayed by any future bankruptcy filing.

DATED this 29th day of March, 2016.

**RCO LEGAL, P.S.**

By: _/s/ John McIntosh_____
    John McIntosh, WSBA# 43113
    Attorneys for Creditor

**RCO LEGAL, P.S.**
13555 SE 36th St., Suite 300
BELLEVUE, WA 98006
TELEPHONE (425) 458-2121 ◆ FACSIMILE (425) 458-2131